UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| Chantel Clark-Fortunat, individually and as a representative of the classes, : | Case No. 1:19-cv-03525 |
| : | |
| Plaintiff, : | |
| : | **COMPLAINT – CLASS ACTION** |
| v. : | |
| TransUnion Rental Screening Solutions, Inc., : | JURY TRIAL DEMANDED |
| Defendant. : | |

---

COMES NOW, Chantel Clark-Fortunat ("Plaintiff"), on behalf of herself and the classes set forth below and states as follows:

## **INTRODUCTION**

1. This is a class action for damages, costs and attorneys' fees brought against Defendant TransUnion Rental Screening Solutions, Inc., ("Defendant" or "TU Rental") pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA").

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to landlords who use the reports to make decisions regarding whether to rent to certain consumers.

3. Defendant inaccurately reported Plaintiff's eviction record. In so doing, Defendant reported an eviction that had subsequently been expunged. Defendant's flawed reporting was ultimately provided to Plaintiff's potential landlord.

4. Defendant's reporting cost Plaintiff the chance to rent the property of her choice, and caused her financial loss.

5. Defendant's failure to honor the court's expungement could have been easily

remedied had Defendant consulted more up-to-date data sources.

6. Defendant does not employ reasonable procedures to ensure the maximum possible accuracy of its records. Its failure to employ reasonable procedures resulted in Plaintiff's report being inaccurate.

7. On behalf of herself and classes of similarly situated individuals, Plaintiff brings claims pursuant to § 1681e(b) of the FCRA.

## PARTIES AND JURISDICTION

8. Individual and representative Plaintiff Chantel Clark-Fortunat is a resident of John's Creek, Georgia.

9. Plaintiff is a natural person and a "consumer" as protected and governed by the FCRA.

10. Defendant TransUnion Rental Screening Solutions, Inc., provides consumer reports for rental screening purposes. Defendant sells background reports containing, *inter alia*, information about consumers' criminal backgrounds to prospective landlords. Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

11. Among other things, Defendant provides background checks and credit reports to landlords for their use in deciding whether to rent to a prospective tenant. These reports are provided in connection with a business transaction initiated by the consumer.

12. Defendant is a Delaware corporation headquartered in Colorado.

13. The Court has personal jurisdiction over Defendant. Defendant conducts substantial business in this District, including issuing background checks and credit reports on

residents of this District and reporting on court records originating from within this District, including Plaintiff's report.

14. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

16. In June of 2017, Plaintiff was applying for rental housing at the Residences of McGinnis Ferry in Suwanee, Georgia. Her prospective landlord acquired a consumer report on her from non-party Rentgrow, Inc.

17. The Rentgrow report included information on a 2015 eviction action that had been filed against Plaintiff in this District. Because of this eviction history, Rentgrow determined that she did "not meet property requirements," and she was declined for her rental property of choice.

18. Rentgrow had obtained the eviction records at issue from Defendant.

19. The eviction records at issue, however, were not accurate. The eviction action had subsequently been expunged. Defendant's reporting of the eviction was therefore inaccurate.

## FACTS REGARDING DEFENDANT'S WILLFULNESS

20. If Defendant had reasonable procedures to ensure maximum possible accuracy, it would not have reported Plaintiff's eviction, which had subsequently been expunged.

21. Defendant did not consult the readily available online court records before reporting the eviction record. If it had, it would have avoided its error.

22. Instead, Defendant chose to rely on stale data, which was not up-to-date. Defendant

3

likely did this because it was cheaper for Defendant to purchase in bulk and static form than to re-check the court data at or near the time of the report.

23. In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

   a. The FCRA was enacted in 1970; Defendant has had 49 years to become compliant;

   b. Defendant and its parent company have been repeatedly sued for misreporting public record information.[1]

   c. Defendant is a corporation with access to legal advice through its own general counsel's office and outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

   d. Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

   e. Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless;

   f. If Defendant had consulted the publicly available online court records, it would have easily discovered that Plaintiff's eviction was no longer being reported. However, Defendant failed to do so;

   g. Defendant's violations of the FCRA were repeated and systematic.

24. At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was

---

[1] *Anderson v. Trans Union LLC*, No. 3:16-cv-588 (E.D. Va.); *Clark v Trans Union LLC*, No. 3:15-cv-391 (E.D. Va.); *Walsh v. Trans Union, LLC*, No. 6:18-cv-00166 (M.D. Fla.).

4

intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Class, defined as:

> All individuals on whom Defendant prepared erroneous consumer reports including eviction records which had subsequently been expunged. The class begins on the date two years prior to the filing of this Complaint and ends on the date the class list is prepared.

26.     Plaintiff also brings Count I on behalf of the New York Subclass, defined as:

> All individuals on whom Defendant prepared erroneous consumer reports including eviction records which had subsequently been expunged where the original eviction record originated in the state of New York. The class begins on the date two years prior to the filing of this Complaint and ends on the date the class list is prepared.

27.     Class certification is appropriate under Fed. R. Civ. P. 23(a).

28.     <u>Numerosity:</u>  The classes are so numerous that joinder of all class members is impracticable. Given the volume of Defendant's business, there are hundreds or thousands of class members.

29.     <u>Typicality:</u> Plaintiff's claims are typical of the members of the classes. It is typical for Defendant to report stale data, without verifying it at the source. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistently with other class members in accordance with its standard policies and practices.

30.     <u>Adequacy:</u> Plaintiff will fairly and adequately protect the interests of the classes

because she and her experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the classes.

31. <u>Commonality</u>: This case presents common questions of law and fact, including but not limited to:

   a. Whether Defendant violated the FCRA by failing to follow reasonable procedures to ensure maximum possible accuracy in reporting expunged eviction records;

   b. Whether Defendant's violations of the FCRA were willful; and

   c. The proper measure of damages.

32. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because, *inter alia*, questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

33. In view of the complexities of the issues and the expenses of litigation, the separate claims of individual class members are insufficient in amount to support separate actions.

34. Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

35. Plaintiff intends to send notice to all members of the classes to the extent required by Rule 23(c)(2). The names and addresses of the class members are available from Defendant's records.

## COUNT I
### 15 U.S.C. § 1681e(b)
### On behalf of Plaintiff, the Class and the New York Subclass

36. Plaintiff reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

37. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding Plaintiff and the class members. Specifically, Defendant reported Plaintiff's expunged eviction.

38. The foregoing violations were negligent and/or willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681e(b).

39. As a result of Defendant's conduct, Plaintiff and class members suffered actual damages including but not limited to: denial of rental opportunities, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40. Plaintiff and class members are entitled to recover actual damages and/or statutory

damages, punitive damages, costs and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the classes, seeks the following relief:

a. Determining that this action may proceed as a class action under Rule 23;

b. Designating Plaintiff as the class representative for the classes;

c. Designating Plaintiff's counsel as counsel for the classes;

d. Issuing proper notice to the classes at Defendant's expense;

e. Declaring that Defendant committed multiple, separate violations of the FCRA;

f. Declaring that Defendant acted negligently, or willfully and in deliberate or reckless disregard of the rights of Plaintiff and the classes under the FCRA;

g. Awarding actual and/or statutory damages as provided by the FCRA;

h. Awarding punitive damages;

i. Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA;

j. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Date: June 14, 2019

Respectfully submitted,

/s/Russell D. Paul
Russell D. Paul (SBN 2361939)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215.875.3000
Fax: 215.875.4604
rpaul@bm.net

E. Michelle Drake*
Joseph C. Hashmall*
BERGER MONTAGUE PC
43 SE Main Street, Suite 505
Minneapolis, MN 55414
Tel. 612.594.5999
Fax. 612.584.4470
emdrake@bm.net
jhashmall@bm.net
**pro hac vice* forthcoming

*Counsel for Plaintiff*